IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| ROSA A. HERRERA RIOS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | NO. EP-13-CV-414-MAT |
| | § | |
| CAROLYN W. COLVIN, | § | |
| ACTING COMMISSIONER OF THE | § | |
| SOCIAL SECURITY ADMINISTRATION, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This is a civil action seeking judicial review of an administrative decision. Plaintiff appeals from the decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. Jurisdiction is predicated upon 42 U.S.C. § 405(g). Both parties having consented to trial on the merits before a United States Magistrate Judge, the case was transferred to this Court for trial and entry of judgment pursuant to 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules of the Western District of Texas. For the reasons set forth below, the Commissioner's decision is AFFIRMED.

### I. PROCEDURAL HISTORY

On September 29, 2010, Plaintiff filed an application for SSI in which she alleged disability beginning September 1, 2010, due to severe high blood pressure and pain in both knees. (R. 15,

1

190).[1] After her application was denied initially, and upon reconsideration, Plaintiff requested a hearing. (R. 15, 46-49, 58-60, 8). On July 2, 2012, she appeared with her attorney for a video teleconference hearing before an administrative law judge ("ALJ"). (R. 27-37). Plaintiff testified with the aid of a Spanish language interpreter, and the ALJ called a vocational expert to testify. (R. 27, 35-36). On September 26, 2012, the ALJ issued a written decision denying benefits on the ground that Plaintiff is able to perform her past relevant work as a home attendant. (R. 15-20). On November 4, 2013, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the Commissioner's final administrative decision. (R. 1-5).

On December 27, 2013, Plaintiff submitted her complaint along with a motion to proceed *in forma pauperis*. (ECF No. 1).[2] On January 2, 2014, Plaintiff's motion to proceed *in forma pauperis* was granted, and her complaint was filed. (ECF Nos. 5 & 6). On March 6, 2014, the Commissioner filed an answer and a certified copy of the transcript of the administrative proceedings. (ECF Nos. 14 & 16). Both parties having consented, the case was reassigned to the docket of the undersigned on March 10, 2014. (ECF No. 19).

On May 12, 2014, Plaintiff filed her brief in support of reversing and remanding the Commissioner's decision. (ECF No. 22). On May 29, 2014, the Commissioner filed her brief in support of the decision to deny benefits. (ECF No. 23).

## II. BACKGROUND

Plaintiff was born on May 31, 1948, making her 64 years old at the time of the ALJ's

---

[1] Reference to the record of administrative proceedings is designated by (R.[page number(s)].

[2] Reference to documents filed in this case is designated by (ECF No(s). [document entry number(s)].

decision on September 26, 2012. (R. 20, 125). She attended school through the ninth grade in Mexico and is unable to read, write or speak English. (R. 189, 190). She has past relevant work experience as a home health care attendant. (R. 18, 29, 182). She has not worked since her alleged onset date of February 28, 2010. (R. 14, 29). Plaintiff testified she is prevented from working due to knee problems, back problems, and arthritis. (R. 30-31).

### III. ISSUE PRESENTED

Plaintiff contends the ALJ's residual functional capacity ("RFC")[3] finding is not supported by substantial evidence.

### IV. DISCUSSION

#### A. Standard of Review

This Court's review of the Commissioner's final decision to deny benefits is limited to a determination of whether it is supported by substantial evidence on the record as a whole and whether the proper legal standards were applied in evaluating the evidence. *Myers v. Apfel*, 238 F.3d 617, 619 (5th Cir. 2001) (citing *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). Substantial evidence is more than a scintilla, but less than a preponderance, and is such relevant evidence as a reasonable mind might accept to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). A finding of "no substantial evidence" will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir. 1988).

In determining whether there is substantial evidence to support the findings of the

---

[3]Residual functional capacity is defined in the regulations as "the most you can still do despite your limitations." 20 C.F.R. § 416.945(a).

Commissioner, the court must carefully examine the entire record, but may not reweigh the evidence or try the issues de novo. *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000); *Haywood v. Sullivan*, 888 F.2d 1463, 1466 (5th Cir. 1989). The court may not substitute its own judgment "even if the evidence preponderates against the [Commissioner's] decision" because substantial evidence is less than a preponderance. *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988). Conflicts in the evidence are for the Commissioner and not the courts to resolve. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993). If the Commissioner applied the proper legal standards and her findings are supported by substantial evidence, they are conclusive and must be affirmed. *Id.*

B. Evaluation Process and Burden of Proof

Disability is defined as the "inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Disability claims are evaluated according to a five-step sequential process: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a medically determinable physical or mental impairment(s) that is severe; (3) whether the claimant's impairment(s) meet or equal the severity of an impairment(s) listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the impairment(s) prevents the claimant from performing past relevant work; and, (5) whether the impairment(s) prevents the claimant from doing any other work. 20 C.F.R. § 416.920. A finding that a claimant is disabled or not disabled at any point in the process is conclusive and terminates the analysis. *Greenspan*, 38 F.3d at 236.

The claimant bears the burden of proof on the first four steps of the sequential analysis. *Leggett v. Chater*, 67 F.3d 558, 565 (5th Cir. 1995). Once this burden is met, the burden shifts to

the Commissioner to show that there is other substantial gainful employment available that the claimant is capable of performing. *Anderson v. Sullivan*, 887 F.2d 630, 632 (5th Cir. 1989). The Commissioner may meet this burden by the use of opinion testimony of vocational experts or by use of administrative guidelines in the form of regulations. *Rivers v. Schweiker*, 684 F.2d 1144, 1155 (5th Cir. 1982). If the Commissioner adequately points to potential alternative employment, the burden then shifts back to the claimant to prove that she is unable to perform the alternative work. *Id.*

C. The ALJ's Decision

In her written decision, the ALJ determined at step one that Plaintiff had not engaged in substantial gainful activity since the application date of September 29, 2010. (R. 17). At step two, the ALJ determined Plaintiff has severe impairments consisting of arthritis and hypertension. *Id.* At step three, the ALJ determined Plaintiff does not have an impairment or combination of impairments that meets or equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

Before reaching step four, the ALJ assessed Plaintiff's RFC and found she is able to perform medium work,[4] except that she can climb, balance, kneel, and crawl only occasionally. (R. 18). In making this finding, the ALJ determined Plaintiff's allegations regarding the intensity, persistence and limiting effects of her symptoms were not credible to the extent that they are inconsistent with the ALJ's RFC assessment. *Id.* Based on the VE's testimony, the ALJ found at step four, that Plaintiff is able to perform her past relevant work as a home attendant, and is, therefore, not disabled.

---

[4] Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, she can also do sedentary and light work. 20 C.F.R. § 416.967(c).

(R. 19-20).

D. Analysis of Plaintiff's Claim

Plaintiff contends the ALJ's RFC finding that Plaintiff can perform a limited range of medium work is not supported by substantial evidence. In support of her position, Plaintiff relies on subjective evidence consisting of her testimony at the hearing that she can walk no more than one block, stand for 30 minutes, sit for 30 minutes, and lift no more than 10 pounds, and her complaints of knee pain affecting her ability to stand, walk, sit, kneel, squat, and climb stairs. (R. 34-35, 178, 180, 190, 197, 205, 210, 215, 218). Additionally, Plaintiff relies on the ALJ's failure to include an accommodation in the RFC for Plaintiff's need to use a cane when walking and standing. (R. 18-19). Plaintiff also relies on objective medical evidence consisting of the November 2010 report of the consultative examiner, a November 2010 x-ray of her knees, and treating source assessments of osteoarthritis in her knees dated June 2011, August 2011, January 2012, and June 2012. (R. 245-247, 270, 275, 285, 289).

A review of the ALJ's written opinion shows she properly considered all of the evidence cited by Plaintiff. The ALJ discussed the November 23, 2010, findings of consultative physical examiner, Dr. Nilesh Mehta. (R. 18-19, 245-246). The ALJ noted Dr. Mehta found normal strength in all of Plaintiff's extremities, with no sensory loss. Plaintiff's reflexes were normal (2+) in her knees. Her knees exhibited some fluid, medial tenderness and crepitus, and knee movement was restricted by pain. Dr. Mehta noted Plaintiff has osteoarthritis in both knees, worse on the right, and very well controlled hypertension. (R. 246). Dr. Mehta also noted the x-rays taken of Plaintiff's

right knee on November 23, 2010, showed only probable chondromalacia patella[5] and minimal degenerative changes within the medial compartment. (R. 246, 247). The assessment was lower joint pain and benign hypertension. (R. 245).

Additionally, the ALJ explained she gave weight to the opinions of two state agency medical consultants (SAMCs) who reviewed Plaintiff's medical records in January and March 2011 and concluded Plaintiff could perform medium work with occasional balancing, stooping, kneeling, and crawling. (R. 19, 252-259, 268). Both SAMCs also found Plaintiff's allegations were not fully supported by the evidence. (R. 259, 268).

Plaintiff also complains that the ALJ's RFC failed to include an accommodation for her need to use a cane while walking and standing. Plaintiff appeared at the July 2, 2012 hearing with a cane and testified that it had been prescribed. (R. 18-19). As the ALJ noted in her opinion, however, there were no corresponding imposed restrictions or cane prescription from the treating doctor in the record. (R. 19). Plaintiff correctly states a prescription for her cane was submitted after the hearing. The prescription, however, was signed by Brenda Silva, P.A., and dated September 11, 2012, which was more than two months after the administrative hearing. (R. 291-292). Plaintiff has not directed the Court to any evidence suggesting she was prescribed a cane on or before the date of her testimony at the hearing. In fact, in other reports to the agency, she stated she did not use a cane and denied one had been prescribed. (R. 179-180, 211). The ALJ properly considered the inconsistency between Plaintiff's testimony and the evidence of record in assessing Plaintiff's credibility.

Additionally, the ALJ considered Plaintiff's medical records from San Vicente Clinic,

---

[5] Chondromalacia patella is defined as pain and crepitus over the anterior aspect of the knee, particularly in flexion, with softening of the cartilage on the articular surface of the patella, and in later stages, effusion. DORLAND'S ILLUS. MEDICAL DICTIONARY 344 (29th ed. 2000).

including the cited notes from June 2011, August 2011, January, 2012, and August 2012. (R. 19, 269-289). The ALJ noted these records indicated Plaintiff received routine medical care from Brenda Silva, P.A. (physician assistant), and reflect that P.A. Silva diagnosed Plaintiff with severe osteoarthritis in both knees. (R. 19). The ALJ gave P.A. Silva's diagnosis of severe bilateral knee osteoarthritis little weight for two reasons: it was not from an acceptable medical source as defined in the regulations[6], and it was not supported by the record. *Id.* Specifically, the ALJ noted the x-rays taken of Plaintiff's right knee on November 23, 2010, showed no more than probable chondromalacia patella and minimal degenerative changes within the medial compartment. (R. 19, 251). The Court notes an x-ray report by Heramb Singh, M.D., dated June 20, 2011, of two views of Plaintiff's knees indicates no abnormalities. The impression is of normal knees. (R. 280).

The ALJ considered Plaintiff's subjective complaints of constant pain and significant functional limitations. (R. 18-19). The ALJ determined, based on consideration of the entire case record, that Plaintiff's impairments could reasonably be expected to produce some of the alleged symptoms, but her allegations regarding the intensity, persistence, and limiting effects of his symptoms were not fully credible. (R. 19). In reaching this conclusion, the ALJ noted a number inconsistencies in the record, including: minimal findings at the consultative examination, a conservative treatment history, lack of physician imposed restrictions, and no evidence of a prescribed cane. *Id.* Accordingly, the ALJ determined Plaintiff's alleged impairment symptoms and limitations were not consistent with the medical and other evidence of record. *Id.* This is precisely the kind of determination the ALJ is best positioned to make. *Falco v. Shala*, 27 F.3d 160, 164 (5th

---

[6] *See* 20 C.F.R. § 404.1513(a) (acceptable medical sources who can provide evidence to establish impairments include licensed medical or osteopathic physicians, and certain licensed or certified psychologists, optometrists, podiatrists, and speech pathologists).

Cir. 1994). Accordingly, it is entitled to great deference by this Court. *Greenspan*, 38 F.3d at 237.

The ALJ considered all of the evidence in the record, both subjective and objective in assessing Plaintiff's RFC. It is the task of the ALJ to weigh the evidence. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001). The task of this Court is to determine if there is substantial evidence in the record as a whole which supports the ALJ's decision. *Id.*, citing *Greenspan*, 38 F.3d at 240. The opinions of the state agency medical consultants, the consultative examiner, and the VE provide substantial evidence for the ALJ's determination that Plaintiff is not disabled because she can perform her past relevant work. As substantial evidence supports the ALJ's decision, it must be affirmed. *Spellman*, 1 F.3d at 360.

## CONCLUSION

It is therefore ORDERED that the decision of the Commissioner be, and it is hereby, AFFIRMED.

SIGNED and ENTERED this 24th day of March, 2015.

MIGUEL A. TORRES
UNITED STATES MAGISTRATE JUDGE